**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

VERNON MURPHY,

                                    Plaintiff,

                    - v -                                        Civ. No. 1:13-CV-1433
                                                                         (GLS/DJS)

THOMAS GIBBONS, *et al*.,

                                    Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

VERNON MURPHY
Plaintiff, *Pro Se*
*Last known address:*
229 Delaware Avenue
First Floor
Albany, New York 12209

REHFUSS, LIGUORI LAW FIRM              ABIGAIL W. REHFUSS, ESQ.
Attorney for Defendants                        STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, New York 12110

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I.  BACKGROUND

This action commenced on November 18, 2013, with the filing of a civil rights Complaint

pursuant to 42 U.S.C. § 1983.  Dkt. No. 1, Compl.  At that time, Plaintiff Vernon Murphy was

represented by Vincent Uba, Esq.  At the close of discovery, and while in the midst of settling a

discovery dispute through Court intervention, the matter of Attorney Uba's continued representation

of the Plaintiff came to the forefront.[1]  Following briefing by the parties, I issued a Memorandum-Decision and Order disqualifying Attorney Uba and appointing William Little, Esq., as *pro bono* counsel for the Plaintiff.[2]  Dkt. No. 55.  Thereafter, Defendants filed a Motion for Summary Judgment, which is currently pending before the District Judge.  Dkt. No. 56.  In the months that followed, the Court had to intervene on multiple occasions to ensure that Mr. Murphy's file was properly transferred from Attorney Uba to Attorney Little and that Attorney Little had ample opportunity to meet with Mr. Murphy so that he could oppose the Defendants' Motion on his behalf.  *See* Text Minute Entry, dated Mar. 16, 2016; Dkt. No. 58, Text Order, dated Mar. 17, 2016; Dkt. No. 61, Text Order, dated Mar. 25, 2016; Dkt. No. 62, Text Order, dated Apr. 7, 2016; Dkt. No. 64, Text Order, dated Apr. 11, 2016; Dkt. No. 67, Sealed Text Minute Entry, dated Apr. 19, 2016.

Despite the Court's best efforts, Attorney Little continued to experience difficulty in getting the Plaintiff to respond to and meet with him, leading this Court to, on April 20, 2016, issue an Order to Show Cause to Mr. Murphy requiring him to personally appear before the undersigned as to why *pro bono* counsel should not be dismissed from his appointment.  Dkt. No. 68.  On May 3, 2016, Mr. Murphy appeared and explained that he had not received notices, orders, or messages

[1] As noted in my prior Order, on the day at issue in the Complaint, an interaction occurred between Mr. Uba and the Defendants.  The facts of that interaction are contested by the parties and is a critical component to each party's respective case thus raising implications of the witness-advocate rule when it came to Mr. Uba's representation of Plaintiff at a trial in this matter.  Dkt. No. 43 at p. 6.  This was not the first time the issue had been raised for it was noted in a Memorandum-Decision and Order, dated September 29, 2014, rendered by the Honorable Gary L. Sharpe, then-Chief United States District Judge.  Dkt. No. 22 at p. 3, n.3 ("It is noteworthy that, as alleged in the complaint, Uba was intimately involved with the underlying facts of this case. . . . The court notes that . . ., aside from a handful of exceptions, . . . ethical rules generally prohibit an attorney from acting "as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." (internal quotation marks and citations omitted)).  But the issue was not officially raised by Defendants until the close of discovery.

[2] The Court notes that the typical practice within the Northern District of New York is to appoint counsel for a *pro se* litigant when the matter is trial ready.  However, in consideration of fairness, having just lost his desired counsel, and in light of the contested facts and likeliness that the case may proceed to trial, the Court felt that appointment of counsel was warranted.

because he had moved, and he assured the Court and Mr. Little that, indeed, he wished to proceed with the case. After advising the District Judge that the matter was now ready to proceed, Plaintiff's deadline to respond to the dispositive motion was extended to July 19, 2016. *See* Text Minute Entry, dated May 3, 2016; Text Only Notice, dated May 5, 2016.

Sadly, that was not the end of this issue, for on August 2, 2016, the Court received a Letter-Motion from Attorney Little explaining that he is still unable to communicate with the Plaintiff and felt he had no choice but to ask the Court to be relieved of his appointment. Dkt. No. 71. After the representation issue was referred back to the undersigned, I issued an Order, dated October 19, 2016, granting Attorney Little's request to withdraw as counsel for Mr. Murphy. Dkt. No. 73. I further directed that Mr. Murphy and Counsel for the Defendants appear in person, on October 31, 2016, at a conference before me. *Id.* On October 31, 2016, Counsel for Defendants appeared, but there was no appearance by Plaintiff. Text Minute Entry, dated Oct. 31, 2016. At that moment, however, it was unclear whether Mr. Murphy received proper notice of the conference,[3] and, therefore, out of an abundance of caution, I set another conference for November 21, 2016, and specifically warned Mr. Murphy that his failure to attend the conference could be construed as an abandonment of this action, which could result in dismissal of this matter by the District Judge. Dkt. No. 74. On November 21, 2016, Plaintiff again failed to appear. Text Minute Entry, dated Nov. 21, 2016. Later, the Court received notification that the Orders sent to Mr. Murphy at his last known address, via certified mail, return receipt requested, were returned to the Court with the notation that they were unclaimed. Dkt. No. 77. To date, Plaintiff has not contacted the Court regarding this matter,

---

[3] The Court had directed Attorney Little to serve Plaintiff with the Order that relieved him of representation and set the matter down for a conference. Dkt. No. 73. Despite explicit directions, Attorney Little never filed a certificate of service on the Court's Docket.

has not provided any updated address, and has not responded to the pending dispositive motion.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 2996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. Indeed, the Court has been stymied in its efforts to push this matter forward because of the inability to communicate with Plaintiff. The last time the Plaintiff communicated with the Court was on May 3, 2016, when in response to the Court's Order, he appeared and indicated that he wanted the matter to proceed. In light of the six-month span of time with no word from Plaintiff, the Court finds that, despite ample opportunity provided by the Court to correct any error or misunderstanding, Murphy has failed to prosecute this matter and possibly has abandoned his claims. Murphy's failure

to prosecute this matter and provide a change of address warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution); N.D.N.Y.L.R. 41.2(b) (authorizing dismissal for failure to provide a change of address). Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Exceptional deference over an inordinate duration has been generously extended to Murphy by the Court, to no avail. Because Murphy has failed to inform the Court of his current address, and has failed to diligently prosecute this matter, it is hereby

**RECOMMENDED**, that this action be dismissed due to Plaintiff's apparent abandonment, failure to prosecute, and failure to provide an updated address. *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the Plaintiff at his last known address by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   January 6, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge